2023 IL App (2d) 230391-U
No. 2-23-0391
Order filed December 19, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 23-CF-541 |
| | ) | 23-CM-560 |
| LEONARD M. WOODSON, | ) ) | Honorable Marcy Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in granting the State's petition for pretrial detention.

¶ 2    On October 2, 2023, the defendant, Leonard Woodson, was charged with one count of criminal sexual assault (23 CF 541) (720 ILCS 5/11-1(a)(1) (West 2022)), a felony, and one count of misdemeanor criminal trespass to real property (23 CM 560) (*id.* § 21-3(a)(2)). The circuit court of De Kalb County granted the State's verified petition to deny defendant's pretrial release

pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The defendant appeals. We affirm.

¶ 3    This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023). The Act abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022).

¶ 4    In Illinois, all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq*. Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 5    Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that: (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)); (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)); and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)).

_____

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statute or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

¶ 6 In his appeal, the defendant argues that the State did not show, by clear and convincing evidence, that any of these three requirements was met. "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services,* 2023 IL 127712, ¶ 74.

¶ 7 As to his first argument, defendant avers that the State's proffer of a written police synopsis was insufficient to prove by clear and convincing evidence that the proof was evident or the presumption great that he committed criminal sexual assault against the victim, T.W. The proffered police synopsis, prepared by Detective Paul of the De Kalb Police Department, read as follows:

"On August 27, 2023, in the evening hours, T.W. was picked up from her residence at 650 Sterling Ct in De Kalb, IL. T.W., along with [defendant] drove to an apartment on Edgebrook Drive in De Kalb, hung out with a friend, then walked to [defendant's] sister's apartment in the University Village (915 Crane Drive, Apartment #404). Inside the apartment on Crane Drive, [defendant], by the use of force, pulled down the pants of T.W. as she attempted to hold them up and tell him she did not want to have sexual intercourse with him and to stop. [Defendant] pulled down the pants of T.W. and inserted his penis into her anus despite being told not to, and continued to have sexual intercourse with T.W.

T.W. viewed a photo lineup and identified [defendant] as the offender in this investigation. T.W. provided social media messages between her and an account she advised belonged to [defendant]. In the messages, T.W. accused [defendant] of sexually assaulting her to which he apologized and said he couldn't help it. [Defendant] was interviewed about this incident and denied sexual intercourse with T.W. Detectives reviewed the Illinois State Police Medical Forensic Documentation Forms and observed that T.W. noted that [defendant] said he would physically harm her. Detective Paul

witnessed a conversation between [defendant] and T.W. where [defendant] stated that he heard T.W. tell him to stop and apologize to T.W."

The trial court found that the police synopsis provided clear and convincing evidence that the presumption was great and the proof was evident that defendant committed criminal sexual assault.

¶ 8        Under section 110-6.1(a)(5) of the Code, offenses qualifying for pretrial detention include criminal sexual assault under section 11-1(a)(1) of the Criminal Code of 2012. 725 ILCS 5/110-6.1(a)(5). Given the evidence that defendant, by use of force, pulled down T.W.'s pants and inserted his penis into her anus after being told not to, and thus committed criminal sexual assault as defined in section 11-1(a)(1) of the Criminal Code of 2012, the State clearly and convincingly established that the defendant committed an offense that qualifies for pretrial detention.

¶ 9        Defendant next argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. Defendant avers that the State relied only on the police synopsis and made no specific arguments as to his dangerousness.

¶ 10      In making a determination of a defendant's dangerousness, a trial court may consider, among other things: (1) the nature and circumstances of any charged offense, including whether it is a crime of violence or a sex crime, or involved a weapon; (2) the defendant's characteristics and history, including any criminal history indicative of violent, abusive, or assaultive behavior, and any psychological history indicative of a violent, abusive, or assaultive nature, and the lack of any such history; (3) the identity of the person believed to be at risk from the defendant and the nature of the threat; (4) statements by the defendant and the circumstances of such statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) the defendant's access to any weapon; (8) whether the defendant was on

probation, parole, or the like at the time of the charged offense or any other arrest or offense; and (9) any other factors that have a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior, or the lack of such behavior. *Id.* § 110-6.1(g).

¶ 11    Defendant has been charged with criminal sexual assault of T.W., as minor. Defendant's pretrial services bond report indicated that he (1) was on parole at the time of the charged offense; (2) has been involved with gang activity; (3) reported that he thinks he is schizophrenic and bipolar while not taking any medication; (4) has a lengthy criminal history including multiple charges indicative of violent conduct; (5) was 37 years old at the time of the charged conduct. The report identified defendant's risk of pretrial misconduct as 9 out of a possible score of 0-14. The report estimated that defendant had an 83% probability that he will appear for all future hearings and that no new offense will occur during the pendency of criminal proceedings. Additionally, the police synopsis indicated that defendant told T.W. that he would physically harm her.

¶ 12    Factual findings, such as a trial court's determination that a defendant posed a real and present threat to the safety of any person, are generally reviewed deferentially, and will not be reversed unless they are against the manifest weight of the evidence.[2] See *Indeck Energy Services, Inc. v. DePodesta,* 2021 IL 125733, ¶ 56. A finding is not against the manifest weight of the evidence unless the "opposite conclusion is clearly evident." *Id.* That standard is not met here. The evidence supports a finding of defendant's dangerousness to T.W. and the community under

---

[2] Although there may be instances in which a trial court's factual findings are reviewed *de novo* because of the nature of the evidence presented (see *Addison Insurance Co. v. Fay,* 232 Ill. 2d 446, 453 (2009); but see *Evans v. Cook County State's Attorney,* 2021 IL 125513, ¶ 38), neither party contends that is the case here.

virtually every factor enumerated in section 110-6.1(g). See 725 ILCS 5/110-6.1(g) (West 2022). The trial court's determination was not against the manifest weight of the evidence.

¶ 13    The defendant's final argument on appeal is that the trial court failed to adequately consider alternatives to pretrial detention that could have mitigated the risk of further violence. Under section 110-6.1(g)(3) of the Code, an order for pretrial detention must be based on, among other things, clear and convincing evidence that "no condition or combination of conditions" of pretrial release can mitigate the real and present threat to safety posed by the defendant. *Id.* § 110-6.1(g). If the trial court finds that the State proved a valid threat to someone's safety or the community's safety, it must then determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community ***." *Id.* § 110-5(a). In making this determination, the trial court should consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the risk that the defendant will obstruct or attempt to obstruct the criminal justice process. *Id.* No single factor is dispositive. *Id.* As with the finding of dangerousness, we review the trial court's finding that regarding whether the imposition of conditions on a defendant's pretrial release would mitigate the safety risk posed by the defendant under the manifest weight of the evidence standard. *Indeck Energy Services,* 2021 IL 125733, ¶ 56.

¶ 14    Here, the trial court considered the violent nature of the charged offenses, the strength of the evidence that the defendant committed those offenses, and the defendant's extensive criminal history before finding that the threat to safety posed by the defendant could not be mitigated by any combination of pretrial release conditions. The defendant argues that "a requirement of

electronic home monitoring with an exclusionary zone around the alleged victim's home and/or work addresses would have sufficed in mitigating any real and present threat to the alleged victim." However, as we have noted, the alleged criminal sexual assault was violent, the charged conduct is non-probationable, defendant has an extensive prior criminal history including crimes of violence, there is a risk to the minor victim evidenced by defendant's statements witnessed by an investigating officer, and defendant was on parole after a recent release from the Illinois Department of Corrections at the time of the charged offense. We cannot conclude that the trial court's determination that no pretrial release conditions could adequately protect the victim's safety was against the manifest weight of the evidence.

¶ 15    For all of these reasons, the trial court did not abuse its discretion by granting the State's motion for pretrial detention. The judgment of the circuit court of De Kalb County is affirmed.

¶ 16    Affirmed.